IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 18-10554 |
| MAUREEN L ADAIR | § | |
| aka MAUREEN ADAIR, MD, | § | |
| *Debtor* | § | CHAPTER 11 |
| | § | |

## SPS' RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM [NO. 9] FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2001-2
### [DOCKET NO. 45]

Select Portfolio Servicing, Inc. as mortgage servicer for Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A., as Trustee for Long Beach Mortgage Loan Trust 2001-2 ("SPS") respectfully files this response to Debtor's "Objection to Proof of Claim [No. 9] Filed by Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2001-2" filed on September 21, 2018 (Docket No. 45) (hereinafter "the Objection to Claim").

1. **SPS' Claim.** The Debtor, Maureen L Adair, aka Maureen Adair, filed a voluntary Chapter 11 petition April 30, 2018. SPS has a secured mortgage claim in Debtor's real property located at 2524 Spring Lane, Austin, Texas 78703 (the "Property"). Debtor schedules the Property as her principal residence. The Travis County Appraisal District values the Property at $1,310,354.00 for 2018.

2. A copy of the Texas Home Equity Fixed/Adjustable Rate Note, recorded Deed of Trust and Assignment of Lien is attached to SPS' proof of claim (Claim No. 9). As of the petition date, SPS' claim is $1,479,343.94, including pre-petition mortgage arrears of $1,071,671.74, and a regular monthly mortgage payment in the amount of $5,060.97 as of May

1, 2018 and $5,119.53 beginning July 1, 2018, consisting of principal, interest and escrow for taxes and hazard insurance.

    3.  **<u>Debtor's Objection:</u>**  Debtor objects and requests that SPS' claim be denied in its entirety on grounds that:

1) Debtor's CPA has identified $25,097.05 in payments which she believes have not been credited;

2) The loan history attached to SPS' proof of claim is allegedly inconsistent with a loan history obtained through the Consumer Financial Protection Bureau and a Trustee's Final Report and Account filed in Debtor's prior 2004 bankruptcy case (Case No. 04-11246);

3) Based on no payments by Debtor in over fourteen years, the statute of limitations has run; and

4) Post-petition attorney's fees in the amount of $11,686.06 appear to be excessive.

    4.  **<u>Objection One: Pre-Petition Payment Default.</u>**  All payments which Debtor claims have not been credited in Exhibit A to the objection are during the period of October 2002 through December 2004, which was prior to the filing of Debtor's 2005 bankruptcy case (Case #05-19014), as were payments made by the Trustee in bankruptcy case #04-11246 as reflected in Debtor's Exhibit C to the objection. Debtor has not raised a new dispute regarding payments.

    5.  SPS acquired the servicing of the loan effective May 1, 2013. According to SPS' records and the records of the prior mortgage servicer which SPS has incorporated into its records, as of the April 30, 2018 petition date, monthly mortgage payments for April 1, 2004 and each subsequent payment were outstanding. Accordingly, SPS' Proof of Claim filed August 27, 2018 includes "Principal and interest due" of $741,159.70, which represents 169 principal and

interest installments[1] for April 2004 through April 2018. (Proof of Claim No. 9, Mortgage Supplement).

6. <u>Prior Litigation Is Dispositive.</u> Debtor's objection one is barred by the *res judicata* effect of the Court's order in *Hertenberger & Adair v. Long Beach Mortgage Loan Trust 2001-2*, Adv. No. 06-1140 (Bankr. W.D. Tex. Nov. 29, 2006). On October 15, 2005, Debtor and John B. Hertenberger filed a Chapter 13 bankruptcy case. Debtor and John B. Hertenberger filed an objection to the mortgage claim in bankruptcy case #05-19014 and an amended objection. On March 28, 2006, Debtor and John B. Hertenberger also filed an Adversary Complaint, listing Long Beach Mortgage Loan Trust 2001-2 and four other entities as defendants. (Adversary No. 06-1140). The objection to claim was consolidated with the adversary proceeding.

7. On November 29, 2006, the Bankruptcy Court entered a Judgment in favor of Defendants, dismissing with prejudice Debtors' objections to proof of claim, breach of contract action and lien invalidation action. (Adv. No. 06-1140, Docket No. 56). Debtor now attempts to relitigate this judgment.

8. **Objection Two:** Debtor's allegation that a loan history obtained through the Consumer Financial Protection Bureau shows payments which do not appear on the loan history attached to the proof of claim is vague and does not state a specific claim. SPS' proof of claim includes a pay history as of the month for which Debtor is due – April 2004. Debtor's objection does not identify what inconsistencies are alleged. If Debtor is arguing payment record inconsistencies prior to March 29, 2006, then any argument or basis for objection to claim based on this argument is barred by the *res judicata* effect of this judgment. (See Adversary Complaint, No. 06-1140, Docket No. 1).

---

[1] Debtor's mortgage loan is subject to an adjustable interest rate with potential principal and interest payment changes every January and July.

9. **Objection Three: Statute of Limitations.** Debtor generally avers that because Debtor is more than fourteen years in arrears, the four year statute of limitations to foreclose must have run. But, Debtor does not plead that the note has matured, that the note has been accelerated or that no notices of default with an option to cure and reinstate the note for less than the full amount have been sent or that acceleration was otherwise rescinded or abandoned after acceleration. See generally *Wilmington Sav. Fund Society, FSB v. Garza*, 577 B. R. 258 (Bankr. S.D. TX 2017). Debtor has not pled any allegations to support that the statute ran prior to Debtor staying foreclosure with her petition filed April 30, 2018.

10. This is the second time Debtor has argued statute of limitations. In *Adair & Hertenberger v. Deutsche Bank National Trust Company*, No. A-15-ca-395 (W.D. Tex., May 18, 2016), the District Court entered Summary Judgment in favor of Deutsche that the four year statute had not run. Relitigating statute of limitations is barred by the *res judicata* effect of this judgment[2].

11. **Objection Four: Attorneys' Fees.** Debtor alleges in paragraph 6 of the Objection to Claim that SPS' payment history includes excessive post-petition attorneys' fees of $11,686.06. Debtor misapprehends the post-petition transactions on the loan history. The post-petition transactions occurring between July 10, 2018 and August 27, 2018, totaling $11,686.06, represent pre-petition fees being waived by SPS. The proof of claim includes the correct, itemized pre-petition fees of $11,952.99 in Official Form 410A, Part 3, line 2, which is itemized

---

[2] Judge Spark's Order references a September 26, 214 Notice of Acceleration. Deutsche obtained a Rule 736 Order to Proceed with Foreclosure Sale on February 6, 2018. Deutsche noticed a foreclosure sale for May 1, 2018. Debtor filed bankruptcy on April 30, 2018 to prevent Deutsche from taking action. Even if there was not an intervening abandonment or rescission of acceleration after September 26, 2014, the statute of limitations is equitably tolled as of April 30, 2018, within the four year period. See *Jorrie v. Bank of NY Mellon Trust Co., N.A.,* 2017 U.S. Dist. LEXIS 214578 (W.D. Tex. 2017), *aff'd* (Fifth Cir. July 2, 2018 (automatic stay tolls the running of Texas Property Code §16.035 sec. 16-035 limitations).

in an attached Itemized Statement of Interest, Fees, Expenses and Other Charges. (See Proof of Claim No. 9, p. 30).

12. **<u>Burden of Proof.</u>** The Proof of Claim filed on August 27, 2018 (Claim NO. 9) includes all documents and information required by Bankruptcy Rule 3001(c), and in all respects complies with Bankruptcy Rule 3001 and the Official Form for proof of claims. Accordingly, SPS' Proof of Claim constitutes prima facie evidence of the validity and the amount of SPS' claim. Fed. R. Bankr. P. 3001(f).

The burden of proof on a proof of claim is:

> Properly filing a proof of claim constitutes *prima facie* evidence of the claim's validity and amount. Rule 3001(f). If the Trustee objects, it is his burden to present enough evidence to overcome the *prima facie* effect of the claim. If the Trustee succeeds, the creditor must prove the validity of the claim.

*McGee v. O'Connor (In re O'Conner)*, 153 F.3d 258, 260 (5th Cir. 1998).

WHEREFORE PREMISES CONSIDERED Select Portfolio Servicing, Inc. as mortgage servicer for Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A., as Trustee for Long Beach Mortgage Loan Trust 2001-2 respectfully prays that this Court:

(A)  Deny Debtor's Objection to Claim;

(B)  Allow SPS' Proof of Claim filed August 27, 2018 (Claim No. 9), in the secured amount of $1,479,343.94, with pre-petition arrearage of $1,071,671.74, and ongoing post-petition payments in the amount of $5,060.97 as of May 1, 2018, and $5,119.53 as of July 1, 2018, including principal, interest and escrow for property taxes and insurance; and

(C)  Grant SPS such other relief, in equity or at law, to which it shows itself justly entitled.

Respectfully Submitted,

 */s/ H. Gray Burks, IV*
H. Gray Burks, IV / TBN 03418320
Email gburks@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone 713-462-2565
Facsimile (847)879-4856
*Attorneys for Select Portfolio Servicing, Inc. as mortgage servicer for Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A., as Trustee for Long Beach Mortgage Loan Trust 2001-2*

# CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the foregoing Response has been served on the parties listed below, at the addresses indicated via electronic delivery or by deposit in the United States Mail, first-class postage pre-paid on October 22, 2018.

U.S. Mail
Maureen L Adair
2524 Spring Lane
Austin, TX 78703
*Debtor*

U.S. Mail
John B. Hertenberger
2524 Spring Lane
Austin, TX 78703
*Co-Debtor*

ECF/CM
Stephen W. Sather
Barron & Newburger, P.C.
7320 N MoPac Expy
Suite 400
Austin, TX 78731
*Attorney for Debtor*

ECF/CM
US Trustee
Office of the US Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701
*United States Trustee*

                                             */s/ H. Gray Burks, IV*
                                             H. Gray Burks, IV